UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MILIANA WAQAVESI and MATAI          NO. CIV. 2:09-01601 WBS GGH
WAQAVESI,

         Plaintiffs,                MEMORANDUM AND ORDER RE:
                                    MOTIONS TO DISMISS AND MOTION
    v.                              TO STRIKE

INDYMAC FEDERAL BANK, FSB;
REGIONAL SERVICE CORP;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
HBA MORTGAGE, INC.; JIM
WILLIAM LANGDON; JAMIE
GONZALEZ; CLYDE WILLIAMS; and
DOES 1-20, inclusive,

         Defendants.
_____/


                    ----oo0oo----

         Plaintiffs Miliana Waqavesi and Matai Waqavesi filed

this action against defendants Indymac Federal Bank ("Indymac"),

Regional Service Corporation ("Regional Service"), Mortgage

Electronic Registration Systems, Inc. ("MERS"), HBA Mortgage,

Inc. ("HBA"), Jim William Langdon, and Jamie Gonzalez, alleging

                              1

various state and federal claims relating to a loan they obtained
to finance their home in Rancho Cordova, California.  Defendants
MERS, HBA, Langdon, and Gonzalez move to dismiss plaintiffs'
First Amended Complaint ("FAC") pursuant to Federal Rule of Civil
Procedure 12(b)(6) for failure to state a claim upon which relief
can be granted.  HBA, Langdon, and Gonzalez also move to strike
portions of plaintiffs' FAC pursuant to Rule 12(f).

        The FAC alleges violations of the Truth in Lending Act
("TILA"), 15 U.S.C. §§ 1601-1667f; RESPA; the Rosenthal Fair Debt
Collection Practices Act, Cal. Civ. Code §§ 1788.1-1788.33; and
California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.
Code §§ 17200-17210; as well as common law claims for negligence,
fraud, breach of contract, breach of the implied covenant of good
faith and fair dealing and wrongful foreclosure.  (Docket No. 1.)
Plaintiffs assert claims against MERS for negligence, fraud,
violations of the UCL, and wrongful foreclosure.  Plaintiffs
assert claims against HBA for violation of the UCL, negligence,
fraud, and breach of fiduciary duty.  Finally, plaintiffs
brought claims against Langdon and Gonzalez for violations of the
UCL, negligence, fraud, breach of fiduciary duty, breach of
contract, and breach of the implied covenant of good faith and
fair dealing.  MERS's and HBA, Langdon, and Gonzalez's motions to
dismiss challenge all of the causes of action which are alleged
against them, with the exception of the negligence cause of
action against HBA, Langdon, and Gonzalez.

        On a motion to dismiss, the court must accept the
allegations in the complaint as true and draw all reasonable
inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416

1  U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v.</u>
2  <u>Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322
3  (1972).  To survive a motion to dismiss, a plaintiff needs to
4  plead "only enough facts to state a claim to relief that is
5  plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.
6  544, 570 (2007).  This "plausibility standard," however, "asks
7  for more than a sheer possibility that a defendant has acted
8  unlawfully," and where a complaint pleads facts that are "merely
9  consistent with" a defendant's liability, it "'stops short of the
10 line between possibility and plausibility.'"  <u>Ashcroft v. Iqbal</u>,
11 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556-
12 57).

13         In general, a court may not consider items outside the
14 pleadings upon deciding a motion to dismiss, but may consider
15 items of which it can take judicial notice.  <u>Barron v. Reich</u>, 13
16 F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial
17 notice of facts "not subject to reasonable dispute" because they
18 are either "(1) generally known within the territorial
19 jurisdiction of the trial court or (2) capable of accurate and
20 ready determination by resort to sources whose accuracy cannot
21 reasonably be questioned."  Fed. R. Evid. 201.  Plaintiffs
22 submitted two requests for judicial notice.  The first, in
23 opposition to defendant MERS' motion to dismiss ("MERS RJN"),
24 contains three exhibits: (1) a copy of the Deed of Trust,
25 recorded on December 20, 2006; (2) a Notice of Default recorded
26 April 8, 2009; and (3) and unpublished article entitled
27 "Foreclosure, Subprime Mortgage Lending and the Mortgage
28 Electronic Registration System."  Plaintiffs' second request for

judicial notice is in opposition to HBA, Gonzalez, and Langdon's motion to dismiss ("HBA RJN"), which asks the court to take notice of two items: (1) the same Deed of Trust and (2) a California Department of Real Estate brochure entitled "Using the Services of a Mortgage Broker."

The court therefore will take judicial notice of exhibits 1 and 2 of the MERS RJN and exhibit 1 of the HBA RJN, as they are matters of public record whose accuracy cannot be questioned.  <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).  However, the court must deny plaintiffs' request to take judicial notice of exhibit 3 of the MERS RJN, which is an unpublished article that expresses opinions of the author that may be reasonably questioned.  Similarly, the court denies plaintiffs' request to take judicial notice of exhibit 2 of the HBA RJN, as the accuracy of it could be reasonably questioned.  The "Using the Services of a Mortgage Broker" brochure itself states that, "[s]ince this brochure may not encompass all subsequent law changes, it should only be used as a general source of information." (HBA RJN Ex. 2.)  The brochure is therefore not a source whose accuracy cannot reasonably be questioned, and accordingly the court cannot take judicial notice of it.

A.   <u>Breach of Fiduciary Duty</u>

The elements of a breach of fiduciary duty claim are (1) existence of a fiduciary relationship; (2) breach of the fiduciary duty; and (3) damage proximately caused by that breach. <u>Roberts v. Lomanto</u>, 112 Cal. App. 4th 1553, 1562 (2003).  "The absence of any one of these elements is fatal to the cause of

4

action." <u>Pierce v. Lyman</u>, 1 Cal. App. 4th 1093, 1101 (1991).
Plaintiffs allege that HBA, Langdon, and Williams were in a
fiduciary relationship with plaintiff as plaintiffs' mortgage
brokers. (FAC ¶ 93.)   Under California law, a mortgage broker
"becomes an agent of the borrower he or she solicits," thereby
creating a fiduciary relationship. <u>Wyatt v. Union Mortgage Co.</u>,
24 Cal. 3d 773, 782 (1979); <u>Montoya v. McLeod</u>, 176 Cal. App. 3d
57, 64 (1985).   Mortgage brokers have fiduciary duties of
disclosure and good faith toward their principals, and
accordingly must not give "materially misleading and incomplete
information" about the terms of a loan. <u>Wyatt</u>, 24 Cal. 3d at
782-83.

        Plaintiffs further allege that HBA, Langdon, and
Gonzalez breached their fiduciary duties to plaintiffs when HBA,
Langdon, and Gonzalez obtained an unaffordable loan that had
unfavorable terms, failed to disclose the consequences of the
loan, secured a secret profit for themselves, failed to comply
with TILA and RESPA, and engaged in unfair business practices.
(FAC ¶ 97.)   While plaintiffs signed the loan agreement despite
these unfavorable terms, this is not fatal to their claim.   The
signing of a written contract normally implies that the signing
party has knowledge of the terms therein and thus prevents the
party from avoiding liability under the contract. <u>See</u> <u>Marin
Storage & Trucking, Inc. v. Benco Contractor & Eng'g, Inc.</u>, 89
Cal. App. 4th 1042, 1049 (2001); <u>Hawkins v. Hawkins</u>, 50 Cal. 558
(1875).   However, this is not the case "when a relationship of
trust or confidence exists between [the parties]." <u>Calmon v.
Sarraille</u>, 142 Cal. 638, 641-42 (1904); <u>accord</u> <u>Storage Services</u>

1  v. Oosterbann, 214 Cal. App. 3d 498, 508 (1989).  In such

2  circumstances, the signing party can be justified in relying upon

3  the representations of his agent due to the existence of a

4  fiduciary relationship.  Id.  Therefore, plaintiffs have

5  sufficiently alleged a breach of a fiduciary duty that HBA,

6  Langdon, and Gonzalez owed to them.

7       Nonetheless, plaintiffs' breach of fiduciary duty claim

8  suffers from several deficiencies.  First, plaintiffs' claim that

9  HBA, Langdon, and Gonzalez failed to comply with TILA and RESPA

10 cannot be the basis for a breach of fiduciary duty claim.  TILA

11 applies only to a "creditor," defined as:

12       a person who both (1) regularly extends, whether in
         connection with loans, sales of property or services, or
13       otherwise, consumer credit which is payable by agreement
         in more than four installments or for which the payment
14       of a finance charge may be required, and (2) is the
         person to whom the debt arising from the consumer credit
15       transaction is initially payable on the face of the
         evidence of indebtedness or, if there is no such evidence
16       of indebtedness, by agreement . . . .

17 15 U.S.C. § 1602(f).  This language clearly does not apply to

18 mortgage brokers, who do not receive payment on the debt.  See

19 Viernes v. Executive Mortgage, Inc., 372 F. Supp. 2d, 576, 581

20 (D. Haw. 2004).  Similarly, the sections of RESPA plaintiffs cite

21 establish that RESPA applies to "lenders," not to mortgage

22 brokers.  See 12 U.S.C. § 2604(c).  Accordingly, plaintiff cannot

23 state a claim based upon alleged violations of TILA and RESPA.

24      Second, plaintiffs fail to adequately allege damages

25 proximately caused by HBA, Langdon, and Gonzalez's alleged breach

26 of fiduciary duty.  Plaintiffs only make the conclusory assertion

27 that they "have been damaged as a result of [d]efendants' breach,

28 and are entitled to actual damages."  (FAC ¶ 99.)  This statement

6

is nothing more than "'naked assertion[s]' devoid of 'further factual enhancement,'" and is therefore insufficient to satisfy the pleading requirements of Rule 8(a)(2). <u>Iqbal</u>, 129 S.Ct. at 1949; <u>Twombly</u>, 550 U.S. at 555.  While plaintiffs state in their opposition to defendants' motion to dismiss that defendants' breaches prevented them from refinancing their loan and resulted in negative effects to their creditworthiness, the court cannot consider material outside of the complaint on a Rule 12(b)(6) motion to dismiss.  <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996).  Accordingly, the court will grant HBA, Langdon, and Gonzalez's motion to dismiss plaintiffs' breach of fiduciary duty claim.

  B. <u>Negligence</u>

   To prove a cause of action for negligence, a plaintiff must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." <u>Mendoza v. City of Los Angeles</u>, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." <u>Vasquez v. Residential Invs., Inc.</u>, 118 Cal. App. 4th 269, 278 (2004).  Plaintiffs allege that MERS owed a duty to "perform acts in such a manner as to not cause [p]laintiffs harm" in its administrative function of recording, maintaining and transferring documents relating to plaintiffs' loan.  (FAC ¶ 79.) Plaintiffs argue in their Opposition that MERS breached this duty "when, without proper authority, it commenced foreclosure proceedings against [p]laintiffs' [p]roperty."  (Pls.' Opp'n Mot.

1   Dismiss 13:6-8.)  Plaintiffs further contend that MERS also
2   breached its duty of care when it took payments to which it was
3   not entitled, charged fees it was not entitled to charge, and
4   made or authorized negative reports of plaintiff's
5   creditworthiness to credit bureaus.  (FAC ¶ 80.)

6         Plaintiffs cite no authority for the proposition that
7   MERS owed a duty to not cause plaintiffs harm in its
8   administrative capacity of recording, maintaining and
9   transferring documents related to plaintiffs' loan.  Absent such
10  authority, an alleged assumption of duty by MERS, or a special
11  relationship, plaintiffs cannot establish that MERS owed them a
12  duty of care.  See Hardy v. Indymac Federal Bank, --- F.R.D. ---,
13  No. CV F 09-935 LJO SMS, 2009 WL 2985446, at *7 (E.D. Cal. Sept.
14  15, 2009); Bentham v. Aurora Loan Servs., No. C-09-2059 SC, 2009
15  WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009).  C-09-2059 SC, 2009
16  WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009).  As the listed
17  nominee and beneficiary under the Deed of Trust, MERS had
18  authority to assign its beneficial interest to another party.
19  See Cal. Civ. Code § 1934 ("Any assignment of a mortgage and any
20  assignment of the beneficial interest under a deed of trust may
21  be recorded, and from the time the same is filed for record
22  operates as constructive notice of the contents thereof to all
23  persons."); Bentham, 2009 WL 2880232 at *3.

24        Additionally, the FAC does not indicate which breaches
25  of this alleged duty apply to MERS.  (FAC ¶ 61.) Defendant should
26  not be forced to guess how its conduct was allegedly negligent.
27  See Associated Gen. Contractors of Cal., Inc. v. Cal. State
28  Council of Carpenters, 459 U.S. 519, 526 (1983); Gauvin v.

8

<u>Trombatore</u>, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).  Although plaintiffs offer more details about MERS's alleged breaches in their opposition, the court cannot consider materials outside of the complaint on a Rule 12(b)(6) motion to dismiss.  <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996).  Plaintiffs' FAC groups together accusations against all defendants, and is completely unclear as to how MERS, a nominee beneficiary, somehow breached a duty to create loan documents and provide disclosures to plaintiff that are normally responsibilities of the lender.  The FAC fails to state that MERS has breached a cognizable legal duty, and accordingly the court will grant MERS's motion to dismiss plaintiff's cause of action for negligence.

       C.    <u>Fraud</u>

          In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  <u>In re Estate of Young</u>, 160 Cal. App. 4th 62, 79 (2008).  Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).  The plaintiffs must include the "who, what, when, where, and how" of the fraud.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1006 (9th Cir. 2003) (citation omitted).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false."  <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).  Additionally, "[w]here multiple defendants are asked to

1   respond to allegations of fraud, the complaint must inform each

2   defendant of his alleged participation in the fraud."   Ricon v.

3   Reconstrust Co., No. 09cv937, 2009 WL 2407396, at *3 (S.D. Cal.

4   Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus.,

5   822 F.2d 1242, 1247 (2d Cir. 1987)).

6          1.   MERS

7          Plaintiffs' fraud allegations do not even come close to

8   surviving a motion to dismiss.   Plaintiffs state that MERS

9   engaged in fraud when it "misrepresented to [p]laintiffs on the

10  Deed of Trust that it is a qualified beneficiary" and

11  "misrepresented that it followed the applicable legal

12  requirements to transfer the Note and Deed of Trust to subsequent

13  beneficiaries."  (FAC ¶ 105.)  Even though plaintiffs

14  reincorporate their earlier allegations to this cause of action,

15  this conclusory statement does not identify with specificity what

16  representations MERS specifically made, when they were made, who

17  made them, or why they were false.

18         Plaintiffs also do not state how MERS's alleged

19  misrepresentation of its rights as a beneficiary on the deed

20  harmed him.   Instead plaintiffs make the conclusory statement

21  that "she [sic] was harmed and suffered damages."  (FAC ¶ 111.)

22  At the pleading stage, the complaint "must show a cause and

23  effect relationship between the fraud and damages sought;

24  otherwise no cause of action is stated."  Small v. Fritz

25  Companies, 30 Cal. 4th 167, 202 (2003)(quotations omitted).

26  Without such information it is impossible for the court to

27  determine whether plaintiffs alleged damages "were otherwise

28  inevitable or due to unrelated causes."  Goehring v. Chapman

                                   10

1  <u>Univ.</u>, 121 Cal. App. 4th 353, 365 (2004). Without pleading facts

2  to explain this causal connection, plaintiffs' cause of action

3  must fail.  <u>See</u> <u>Iqbal</u>, 129 S. Ct at 1949.

4          Additionally, the conclusory allegations that MERS

5  played a key part in a conspiracy where loans were pooled, put

6  into trusts, and had securities sold off of them by enabling

7  members to disregard legal requirements for the transfer of an

8  interest in real property are "mere labels and conclusions" that

9  are prohibited by Federal Rule of Civil Procedure 8(a)(2).

10  <u>Twombly</u>, 550 U.S. at 555.  Plaintiff has not explained how the

11  activity of assigning mortgage loans to a trust pool gives rise

12  to a fraud claim against MERS.  Other courts have summarily

13  rejected the argument that companies like MERS lose their power

14  of sale pursuant to the deed of trust when the original

15  promissory note is assigned to a trust pool. <u>See, e.g.</u>, <u>Hafiz v.</u>

16  <u>Greenpoint Mortgage Funding, Inc.</u>, No. 09-1729, 2009 WL 2137393,

17  at *2 (N.D. Cal. July 16, 2009).  "Rule 9(b) does not allow a

18  complaint merely to lump multiple defendants together but

19  require(s) [p]laintiff to differentiate the allegations when

20  suing more than one defendant . . . and inform each defendant

21  separately of the allegations surrounding his alleged

22  participation in the fraud."  <u>Swartz v. KPMG, LLP</u>, 476 F.3d 756,

23  764-65 (9th Cir. 2007)(quotation omitted). Plaintiffs have not

24  stated what role MERS played in the alleged scheme to defraud

25  plaintiff in any detail.  Plaintiffs simply state that

26  "[d]efendants, each and every one of them, conspired together to

27  perpetrated [sic] the fraud alleged herein over the course of

28  several years."  (FAC ¶ 113.)

1    Accordingly, plaintiffs' allegations against MERS fail

2   to meet Rule 9(b)'s heightened pleading standard, and MERS's

3   motion to dismiss plaintiffs' fraud cause of action is granted

4   with leave to amend.

5         2.   HBA and Langdon

6         Plaintiffs have failed to allege any specific

7   misrepresentations that HBA and Langdon made, once again lumping

8   defendants together without differentiating the allegations

9   against them in violation of Rule 9(b).  Swartz, 476 F.3d at 764-

10  65.  Plaintiffs have not made separate allegations surrounding

11  HBA and Langdon's alleged participation in the fraud.  Plaintiffs

12  simply claim that "Gonzalez[,] Langdon, Williams, and HBA made

13  false representations . . . regarding material facts, including

14  but not limited to interest rates, financing options,

15  availability of refinancing, and [p]laintiffs' qualifications for

16  [the] loan."  (FAC ¶ 102.)  Plaintiffs do not mention any

17  fraudulent statements supposedly made by HBA or Langdon at any

18  other point in their FAC.  Plaintiffs have also failed to allege

19  when HBA or Langdon made false statements, what the content of

20  the statements was, or how they allegedly participated in the

21  fraud.  Accordingly, the court must grant plaintiffs' motion to

22  dismiss the fraud claims against HBA and Langdon.

23        3.   Gonzalez

24        Plaintiffs allege that Gonzalez made four specific

25  false representations to them: (1) that he[1] could get them "the

26  _____

27        [1]   There is a degree of confusion as to the gender of
    Jamie Gonzalez.  Plaintiffs refer to Gonzalez in the feminine,
28  while defendants refers to Gonzalez in the masculine.  (Compare
    FAC ¶ 24 with Mem. Supp. Defs.' Mot. Dismiss 7:2-12.)  The court

12

1  best deal" and "best interest rates" available on the market, (2)

2  that their loan would be at a fixed rate of 6% interest for

3  thirty years (3) that no prepayment penalty would attach to the

4  loan and (4) that if the loan became unaffordable Gonzalez could

5  simply refinance the loan.  (FAC ¶¶ 24, 28-29, 30.)  Plaintiffs

6  simply assert that Gonzalez "knew or should have known" these

7  representations were false, while pleading no further facts that

8  indicate why this is the case.  (<u>Id.</u>) Plaintiffs have not plead

9  any facts that demonstrate that Gonzalez knew his representations

10  were false, and without such facts plaintiffs cannot satisfy the

11  scienter element of their fraud cause of action against Gonzalez.

12  <u>See</u> <u>Goldrich</u>, 25 Cal. App. 4th at 783.

13      Plaintiffs also have not alleged a causal relationship

14  between Gonzalez's representations and their alleged damages in

15  contravention of the heightened pleading requirements of Rule 9.

16  <u>Small</u>, 30 Cal. 4th at 202;  <u>Goehring</u>, 121 Cal. App. 4th at 365.

17  Plaintiffs again fail to allege what damages they have suffered

18  and why their alleged damages are causally related to the

19  representations Gonzalez allegedly made to them.  Instead,

20  plaintiffs once again rely on a conclusory statement that, "[a]s

21  a result of [p]laintiff's reliance, she was harmed and suffered

22  damages."[2]  (FAC ¶ 111.)  Such conclusory statements are

23  insufficient to plead a cause of action for fraud, and

24

25  will adopt defendants' usage, assuming that defendants' attorneys
26  have more contact with their client.

27      [2]  While plaintiffs' FAC indicates that only one plaintiff
   ("she") suffered damages, the court assumes from the sentences
28  that follow this allegation that plaintiffs meant to allege they
   both suffered harm.  (<u>See</u> FAC ¶ 111.)

1   accordingly Gonzalez's motion to dismiss the fraud shall be

2   granted, with leave to amend.

3        D.   <u>Wrongful Foreclosure</u>

4          Plaintiffs purport to state a claim for "wrongful

5   foreclosure" against MERS. Both plaintiffs and MERS argue at

6   length about whether plaintiffs were obligated to make full

7   tender to maintain a cause of action for wrongful foreclosure.

8   The tender requirement applies to actions at equity to set aside

9   a foreclosure sale for irregularities in the sale. <u>See</u> <u>Abdallah</u>

10   <u>v. United Sav. Bank</u>, 43 Cal. App. 4th 1101, 1009 (1996); <u>Karlsen</u>

11   <u>v. Am. Sav. & Loan Assn.</u>, 15 Cal. App. 3d 112, 117 (1971). The

12   tender argument is irrelevant, however, because plaintiffs have

13   not plead an action in equity to set aside a foreclosure sale,

14   but rather have prayed for damages resulting from MERS's alleged

15   "wrongful foreclosure." (FAC ¶¶ 145-46.) Plaintiffs have failed

16   to produce any common law rule or authority providing for a claim

17   for "wrongful foreclosure" at law. <u>See</u> <u>Fortaleza v. PNC Fin.</u>

18   <u>Servs. Group, Inc.</u>, --- F. Supp. 2d ---, No. C 09-2004 PJH, 2009

19   WL 2246212, at *11 (N.D. Cal. July 27, 2009). Even assuming that

20   plaintiffs meant to state a claim for wrongful foreclosure in

21   equity, plaintiffs have also failed to plead either that MERS

22   initiated a foreclosure sale or that a foreclosure sale ever

23   occurred. Without such a foreclosure sale, plaintiffs cannot

24   maintain a cause of action in equity to set aside a wrongful

25   foreclosure. <u>See</u> <u>Vega v. JPMorgan Chase Bank, N.A.</u>, --- F. Supp.

26   2d ----, No. CV F 09-1444 LJO GSA, 2009 WL 2731039, at *6 (E.D.

27   Cal. Aug. 26, 2009). Accordingly, plaintiff cannot state a claim

28   upon which relief can be granted and the court must grant MERS's

1 motion to dismiss plaintiffs' wrongful foreclosure cause of

2 action.

3      Plaintiffs attempt to form a basis for this claim by

4 citing California Commercial Code section 3301, alleging that

5 MERS was not in possession of the Note and is not a beneficiary,

6 assignee, or employee of the entity in possession of the Note,

7 and is therefore is not a "person entitled to enforce" the

8 security interest on the property in accordance with section

9 3301.  However, § 3301 reflects California's adoption of the

10 Uniform Commercial Code, and does not govern non-judicial

11 foreclosures, which is governed by California Civil Code § 2924.

12 See Gaitan v. Mortgage Elec. Registration Sys., No. EDCV 09-1009

13 VAP (MANx), 2009 WL 3244729, at *10 (C.D. Cal. Oct. 5, 2009).

14 "The comprehensive statutory framework established to govern

15 nonjudicial foreclosure sales is intended to be exhaustive."

16 Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994).  Under

17 California law, there is no requirement for the production of the

18 original note to initiate a non-judicial foreclosure.  Oliver v.

19 Countrywide Home Loans, Inc., No. CIV S-0-1381 FCD GGH, 2009 WL

20 3122573, at *3 (E.D. Cal. Sept. 29, 2009)(citing Alvara v. Aurora

21 Loan Servs., No. C-0-1512 SC, 2009 WL 1689640, at *6 (N.D. Cal.

22 Jun. 16, 2009)); Kamp v. Aurora Loan Servs., No. SACV 09-00844-

23 CJC(RNBx), 2009 WL 3177636, at *4, (C.D. Cal. Oct. 1, 2009);

24 Putkkuri v. Recontrust Co., No. 08cv1919 WQH (AJB), 2009 WL

25 32567, at *2 (S.D. Cal. Jan. 5, 2009).  Therefore, plaintiffs

26 cannot assert a claim based on MERS's failure to comply with an

27 inapplicable commercial code when MERS was not required to

28 "produce the note" under California's law.

1    Plaintiffs also base their wrongful foreclosure action

2 on California Civil Code section 2923.5, arguing that

3 "[d]efendants failed to properly record and give proper notice of

4 the Notice of Default" on plaintiffs' property.  (FAC ¶ 138.)

5 The FAC does not indicate whether MERS failed to properly give

6 notice; it simply makes a general allegation as to all

7 defendants.  This general allegation gives MERS insufficient

8 notice of whether it has committed any conduct to violate section

9 2923.5, and MERS should not be forced to guess whether it is

10 individually liable for this conduct.  <u>See</u> <u>Associated Gen.</u>

11 <u>Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>,

12 459 U.S. 519, 526 (1983).[3]

13    E.   <u>Breach of Contract</u>

14    To state a claim for breach of contract under

15 California law, plaintiffs must allege (1) the existence of a

16 contract; (2) plaintiffs' performance or excuse for

17 nonperformance of the contract; (3) defendants' breach of the

18 contract; and (4) resulting damages.  <u>Armstrong Petroleum Corp.</u>

19 <u>v. Tri-Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1390 (2004).

20 Plaintiffs allege that they entered into an agreement with

21

22    [3]    Although not mentioned by either party in briefing,
plaintiffs allege that defendants wrongfully foreclosed on
23 plaintiffs' property because they received money from the
Troubled Asset Relief Program ("TARP") under the Emergency
24 Economic Stabilization Act ("EESA"), Pub. L. No. 110-343, 122
Stat. 3765 (Oct. 3, 2008), and are therefore subject to the
25 Department of Treasury's guidelines for the Making Homes
Affordable Program, H.R. 142 Title I § 109-110, which requires
26 TARP recipients to suspend foreclosures and consider alternative
foreclosure prevention options.  However, plaintiffs have not
27 alleged that MERS received TARP funds, simply pleading that "some
or all of the [d]efendants" received such funds.  This is
28 insufficient and forces MERS to guess as to its liability.  <u>See</u>
<u>Associated Gen. Contractors of Cal.</u>, 459 U.S. at 526.

"IndyMac, Gonzalez, Langdon, and Williams whereby [d]efendants promised to provide plaintiffs with an affordable loan." (FAC ¶ 121.)  This supposed promise to provide an "affordable loan" is vague, and plaintiffs do not allege where such a promise is memorialized or what consideration was given for such a promise. Such a vague promise is not sufficient to show the existence of a contract.  <u>See</u> <u>Beverage Distributors, Inc. v. Olympia Brewing Co.</u>, 440 F.2d 21, 30 (9th Cir. 1971).

Plaintiffs go on to state that defendants breached their agreement when they failed to provide an affordable loan and committed "wrongful acts, including but not limited to, intentionally or negligently failing to obtain payment and interest rates as promised, failing to submit an accurate loan application, failing to supervise, failing to provide loan documents for [p]laintiffs' review prior to closing, and failing to explain the loan documents to the [p]laintiffs." (FAC ¶ 123.) Plaintiffs state no facts that indicate the existence of a contract that obligated Gonzalez or Langdon to perform the aforementioned actions they supposedly failed to do.  <u>Iqbal</u>, 129 S. Ct. at 1949.  Without alleging facts that make the existence of a contract to provide an affordable loan plausible, plaintiffs cannot state a claim for breach of contract.  <u>See</u> <u>Hardy</u>, 2009 WL 2985446, at *5.  Accordingly, the court will grant Gonzalez and Langdon's motion to dismiss plaintiffs' claim for breach of contract.

F.   <u>Breach of the Covenant of Good Faith and Fair Dealing</u>

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."

17

1  Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 937 (9th Cir. 1999)

2  (quoting Carma Developers, Inc. v. Marathon Dev. Cal., Inc., 2

3  Cal. 4th 342, 371 (1992)).  "A typical formulation of the burden

4  imposed by the implied covenant of good faith and fair dealing is

5  'that neither party will do anything which will injure the right

6  of the other to receive the benefits of the agreement.'"  Andrews

7  v. Mobile Aire Estates, 125 Cal. App. 4th 578, 589 (2005)

8  (quoting Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 573 (1973)).

9  "The prerequisite for any action for breach of the implied

10 covenant of good faith and fair dealing is the existence of a

11 contractual relationship between the parties . . . ."  Smith v.

12 City & County of San Francisco, 225 Cal. App. 3d 38, 49 (1990).

13 Because plaintiffs' cause of action for breach of contract has

14 been dismissed, they have failed to allege the existence of a

15 contract.  Therefore, the court will grant Langdon and Gonzalez's

16 motion to dismiss plaintiffs' claim for breach of the covenant of

17 good faith and fair dealing.  Id.

18      G.   California's UCL

19           California's UCL prohibits "any unlawful, unfair, or

20 fraudulent business act or practice."  Cal-Tech Commc'ns, Inc. v.

21 L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  This cause

22 of action is generally derivative of some other illegal conduct

23 or fraud committed by a defendant, and "[a] plaintiff must state

24 with reasonable particularity the facts supporting the statutory

25 elements of the violation."  Khoury v. Maly's of Cal., Inc., 14

26 Cal. App. 4th 612, 619 (1993).

27           1.   MERS

28           Plaintiffs' claim under the UCL is vague and

18

1  conclusory, simply alleging that "[d]efendants acts as alleged

2  herein constitute unlawful, unfair, and/or fraudulent business

3  practices." (FAC ¶ 116.) Plaintiff identifies no specific

4  practices of MERS that it finds to be "unfair" in its cause of

5  action.  The court has already indicated it will dismiss

6  plaintiffs' other causes of action for negligence, fraud, and

7  wrongful foreclosure against MERS for failure to state a claim.

8  Since plaintiffs have failed to state a claim on any of these

9  grounds, and because these grounds appear to be the sole basis

10  for plaintiffs' UCL claim, they by necessity have failed to state

11  a claim against MERS under the UCL.  Accordingly, the court will

12  grant MERS's motion to dismiss plaintiffs' UCL claim.

13                  2.   HBA, Langdon, and Gonzalez

14              Plaintiffs' claims against HBA, Langdon, and Gonzalez

15  under the UCL are slightly less vague than those against MERS.

16  Plaintiffs have incorporated their previous allegations in the

17  complaint against HBA, Langdon, and Gonzalez into their UCL

18  claims.  However, plaintiffs have not plead that any conduct of

19  plaintiffs is "unlawful," since plaintiffs' claims, with the

20  exception of their negligence claims, have been dismissed against

21  defendants.  Common law claims, such as negligence, cannot form

22  the basis for a UCL claim.  Berenblat v. Apple, Inc., Nos. 08-

23  4969 JF (PVT), 09-1649 JF (PVT), 2009 WL 2591366, at *5 (N.D.

24  Cal. Aug. 21, 2009); Hartless v. Clorox Co., No. 06-CV-2705, 2007

25  WL 3245260, at *5 (S.D. Cal. Nov. 2, 2007).  To prove a

26  standalone claim that defendants' actions are "unfair" under the

27  UCL, a plaintiff must allege that "the consumer injury is

28  substantial, is not outweighed by any countervailing benefits to

1  consumers or competition, and is not an injury the consumers
2  themselves could reasonably have avoided." <u>Daugherty v. American</u>
3  <u>Honda Motor Co.,</u> 144 Cal. App. 4th 824, 839 (2006).  Plaintiffs
4  have not made such allegations here, and accordingly the court
5  will grant HBA, Langdon, and Gonzalez's motion to dismiss
6  plaintiffs' UCL claim.

7          H.   <u>Motion to Strike</u>

8          HBA, Langdon, and Gonzalez additionally move to strike
9  the portions of plaintiffs' FAC which request punitive damages on
10 plaintiffs' claims of fraud, breach of fiduciary duty, and breach
11 of the implied covenant of good faith and fair dealing, as well
12 as plaintiffs' requests for disgorgement and attorney's fees
13 under their UCL claim.  (Mot. Strike 1:25-28, 2:1-2.)
14 Defendants' motion will be denied as moot, since all such claims
15 have been dismissed.

16         IT IS THEREFORE ORDERED that MERS's motion to dismiss
17 plaintiffs' claims for negligence, fraud, violation of
18 California's UCL, and wrongful foreclosure against MERS be, and
19 the same hereby is, GRANTED.

20         IT IS FURTHER ORDERED that HBA, Langdon, and Gonzalez's
21 motion to dismiss plaintiffs' claims for breach of fiduciary
22 duty, fraud, violation of California's UCL, breach of contract,
23 and breach of the implied covenant of good faith and fair dealing
24 against HBA, Langdon, and Gonzalez be, and the same hereby is,
25 GRANTED without prejudice; and HBA, Landgon, and Gonzalez's
26 motion to strike be, and the same hereby is, DENIED as moot.

27         Plaintiffs have thirty days from the date of this Order
28 to file an amended complaint, if they can do so consistent with

1    this Order.

2    DATED:   November 11, 2009

3

4                             WILLIAM B. SHUBB

5                             UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28